UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>          Plaintiff,<br><br>     v.<br><br>DANNY CHAVEZ,<br><br>          Defendant. | 1:24-cv-000239-SKO (PC)<br><br>**ORDER GRANTING REQUEST TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 6) |

Plaintiff is a former state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

Plaintiff initiated this action with the filing of a complaint on February 26, 2024. (Doc. 1.) On February 28, 2024, this Court issued its Order to Submit Application to Proceed In Forma Pauperis ("IFP") or Pay Filing Fee Within 45 Days. (Doc. 3.)  On April 8, 2024, Plaintiff submitted a completed and signed IFP application. (Doc. 6.)

**II.     DISCUSSION**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

---

[1] The required fee includes a $350 filing fee and a $55 administrative fee, as of December 1, 2023.

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit after having been released from custody are no longer "prisoners" as defined by the PLRA and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, [ ] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934-35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-strikes rule does not apply to a civil action of appeal filed after former prisoner was released on parole).

A review of the complaint reveals Plaintiff resided at a residential address in San Diego, California, when he filed his complaint. (*See* Doc. 1.) Thus, Plaintiff was not a "prisoner" as defined by the PLRA at the time he filed this action and is therefore not subject to requirements of 28 U.S.C. § 1915(b) or 28 U.S.C. § 1915(g). *Jackson*, 870 F.3d at 934-35; *Moore*, 657 F.3d at 892.

The Court has also reviewed Plaintiff's request to proceed IFP, signed under penalty of perjury, which includes current information concerning wages and assets. Plaintiff is presently unemployed and is not earning an income. (Doc. 6 at 1.) He has not received any money from the following sources within the past twelve months: business, profession or other self-employment; rent payments, interests or dividends; pensions, annuity or life insurance payments; disability or workers' compensation payments, gifts or inheritances; or income from any other sources. (*Id*.) Plaintiff states he does not have money in a checking or savings account, and does not have any regular monthly expenses related to housing, transportation, or loan payments. (*Id*. at 2) Plaintiff also states that no person is dependent upon him for support. (*Id*.) Lastly, Plaintiff states he owes the California State Franchise Tax Board $62,000. (*Id*.)

The Court finds the application sufficient to show that Plaintiff is unable to pay the required $405 filing fee and will grant the request to proceed IFP. *Escobedo*, 787 F.3d at 1234.

### III.     CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's request to proceed IFP (Doc. 6) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **April 10, 2024**                    /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE