UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>            Plaintiff,<br><br>     v.<br><br>DANNY CHAVEZ,<br><br>            Defendant. | 1:24-cv-000239-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE EITHER AN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**21-DAY DEADLINE** |

Plaintiff is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claim against Defendant Chavez.

**I.     INTRODUCTION**

On July 16, 2024, Defendant Chavez filed a motion to dismiss Plaintiff's complaint. (Doc. 14.) On August 14, 2024, when more than 21 days passed without Plaintiff filing an opposition or statement of non-opposition to Defendant's motion,[1] the Court issued its "Order to Show Cause in Writing Why Action Should Not Be Dismissed for Plaintiff's Failure to Comply with the Local Rules." (Doc. 16.) Plaintiff was directed to file a written response within 14 days, or, alternatively, to file an opposition or statement of non-opposition. (*Id*. at 2.)

---

[1] *See* Local Rule 230(*l*).

1

On September 3, 2024, Plaintiff filed a document titled "Notice of Request, and Request for a Sixty (60) Day Extension of Time" (Doc. 17) and an "Affidavit" (Doc. 18).

On September 4, 2024, this Court issued its "Order Discharging Order to Show Cause; Order Granting Request for Extension of Time." (Doc. 19.) Plaintiff was directed to "file any opposition to Defendant's motion to dismiss **within 60 days** from the date of service" of the order. (*Id*. at 3, emphasis in original.)

On October 21, 2024, Plaintiff filed a "Notice of Request, and Request for a Fourteen (14) Day Extension of Time." (Doc. 20.) The Court issued its "Order Granting Request for Extension of Time to File Either an Opposition to Defendant's Motion to Dismiss or a Motion for Leave to File an Amended Complaint" on October 24, 2024. (Doc. 22.) Plaintiff was directed to file either an opposition or a motion for leave to amend no later than December 4, 2024. (*Id*. at 3.)

On November 25, 2024, the Clerk of the Court lodged Plaintiff's first amended complaint. (Doc. 25.)

## II. DISCUSSION

After an OSC issued for Plaintiff's failure to file an opposition or statement of non-opposition to Defendant's motion to dismiss (Doc. 16), Plaintiff was granted a 60-day extension of time within which to file an opposition to the dismiss (Doc. 19). In that September 4, 2024, Order, Plaintiff was directed as follows: "Plaintiff **SHALL** *file any opposition to Defendant's motion to dismiss* **within 60 days** *from the date of service of this order.*" (*Id*. at 3, emphasis in original; italics added.) Instead of filing an opposition as directed, Plaintiff filed a motion for extension of time (Doc. 21) and the Clerk of the Court lodged a first amended complaint (Doc. 21) on October 23, 2024.

The Court issued its October 24, 2024, order, granting Plaintiff an extension of time to December 4, 2024, within which to "file either (1) an opposition to Defendant's motion to dismiss, or (2) a motion for leave to file an amended complaint." (Doc. 22.) Plaintiff submitted another first amended complaint.

Plaintiff has failed to comply with the Court's orders. He has neither filed an opposition to Defendant's motion to dismiss nor a motion for leave to file an amended complaint, and the time

to do so has passed. Instead, Plaintiff elected to ignore the Court's directive to file *either* an opposition to the motion to dismiss *or* a motion for leave to file an amended complaint and submitted another amended complaint.

An amended complaint is not a motion for leave to file an amended complaint. As previously explained, a motion for leave to file an amended complaint is required in this case because Defendant has appeared in the action and Plaintiff did not obtain Defendant's consent to file an amended complaint. Plaintiff was previously advised that he had not been granted leave to file an amended complaint. (Doc. 22 at 2:15-16.) The Court explained that a motion seeking leave to file an amended complaint "should include the reasons for the proposed amendment" and "explain why [Plaintiff] believes an amended complaint is necessary …." (*Id*. at 3.)

Notwithstanding the foregoing, the Court will give Plaintiff *one final opportunity* to comply with that order by filing either an opposition to the motion to dismiss or a motion to leave to file an amended complaint. If Plaintiff fails to comply, the Court will recommend dismissal of this action, without prejudice, for a failure to obey court orders.

### III.    CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff **SHALL** file *either* (1) an opposition to Defendant's motion to dismiss, *or* (2) a motion for leave to file an amended complaint **within 21 days** of the date of this order; and

2. Plaintiff is **ADVISED** that failure to file either an opposition or a motion for leave to file an amended complaint as directed herein *will* result in a recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders.

IT IS SO ORDERED.

Dated:   **December 10, 2024**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE