UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>           Plaintiff,<br><br>      v.<br><br>DANNY CHAVEZ,<br><br>           Defendant. | 1:24-cv-000239-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>(Doc. 27)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>(Doc. 14) |

Plaintiff is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claim against Defendant Chavez.

**I.     RELEVANT BACKGROUND**

On July 16, 2024, Defendant Chavez filed a motion to dismiss the complaint. (Doc. 14.) More than 21 days passed without Plaintiff having filed an opposition or statement of non-opposition to Defendant's motion. On August 14, 2024, the Court issued its Order to Show Cause (OSC) Why the Action Should Not be Dismissed for Plaintiff's Failure to Comply with the Local Rules. (Doc. 16.) Plaintiff was directed to file a written response within 14 days, or, alternatively, to file an opposition or statement of non-opposition. (*Id*. at 2.)

On September 3, 2024, Plaintiff filed a document titled "Notice of Request, and Request for a Sixty (60) Day Extension of Time" (Doc. 17) and an "Affidavit" (Doc. 18).

1

On September 4, 2024, the Court issued its Order Discharging the OSC and Order Granting Request for Extension of Time. (Doc. 19.) Plaintiff was granted a 60-day extension of time to "file any opposition to Defendant's motion to dismiss." (*Id*. at 3.)

On October 21, 2024, Plaintiff filed another motion for extension of time (Doc. 20) and on October 23, 2024, Plaintiff lodged an amended complaint (Doc. 21).

On October 24, 2024, the Court issued its Order Granting Request for Extension of Time to File Either an Opposition to Defendant's Motion to Dismiss or a Motion for Leave to File an Amended Complaint. (Doc. 22.) Plaintiff was directed to "file either (1) an opposition to Defendant's motion to dismiss, *or* (2) a motion for leave to file an amended complaint." (*Id*. at 3, emphasis in original.) Plaintiff was advised that if he "elects to file an opposition to Defendant's motion to dismiss, Defendant shall have fourteen days to file a reply. … If however Plaintiff elects to file a motion for leave to file an amended complaint, the Court will await further briefing on that motion, in accordance with Local Rule 230(*l*)." (*Id*. at 4.) Plaintiff was also advised that further requests to extend time would be viewed with disfavor. (*Id*.)

On November 25, 2024, Plaintiff again lodged an amended complaint with the Court. (Doc. 25.)

On December 11, 2024, the Court issued its Order Granting Plaintiff One Final Opportunity to File Either an Opposition to Defendant's Motion to Dismiss or a Motion for Leave to File an Amended Complaint. (Doc. 26.) Plaintiff was ordered to "file *either* (1) an opposition to Defendant's motion to dismiss, *or* (2) a motion for leave to file an amended complaint **within 21 days** of the date of this order." (*Id*. at 3, emphasis in original.) Plaintiff was advised that a failure to file either an opposition to the motion to dismiss or a motion for leave to file an amended complaint would result in a recommendation that the action be dismissed without prejudice. (*Id*.)

On December 30, 2024, Plaintiff filed a document titled "Notice of Motion and Motion for Leave to File an Amended Complaint." (Doc. 27.) Chavez filed Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint on January 8, 2025. (Doc. 28.)

On January 31, 2025, Plaintiff filed a request for a 10-day extension of time to file a reply to Defendant's opposition. (Doc. 29.)

On February 3, 2025, the Court issued its order denying Plaintiff's request. (Doc. 30.) The Court found Plaintiff's request was untimely and failed to establish good cause. (*Id*. at 3-4.) That same day, Plaintiff filed a document titled "Plaintiff's Response to Defendants Opposition to Plaintiff's Motion for Leave to File Amended Complaint." (Doc. 31.)

The Court begins by addressing Plaintiff's motion for leave to file an amended complaint.

## II. SUMMARY OF THE PARTIES' BRIEFING REGARDING AMENDMENT

*Plaintiff's Motion for Leave to File Amended Complaint (Doc. 27)*

Plaintiff seeks leave to file an amended complaint "to raise a claim under the equal protection clause of the 14th Amendment." He states he did not know he could "file a claim under any other amendment besides the First Amendment for his specific circumstances." After conducting further research, Plaintiff discovered "that his 14th Amendment right to equal protection of the laws had been violated by [Defendant]." Plaintiff states "the Native American practitioners were not allowed nor able to use their spiritual grounds to conduct their weekly sweat lodge ceremonies while all the other religious groups/religions were able to practice their religion unhindered;" therefore, although similarly situated to other religious groups, the Native American practitioners "were treated differently when Defendant deliberately decided to ignore his supervisor's instructions and spray the Native American spiritual grounds along with the ceremonial firewood …."

*Defendant's Opposition*

Defendant states that the allegations in Plaintiff's original complaint and proposed amended complaint "are identical, except that" Plaintiff no longer asserts a free exercise claim; he "now asserts an Equal Protection claim under the Fourteenth Amendment." Defendant states that amendment would be futile as Plaintiff failed to allege Defendant intentionally discriminated against Plaintiff.  Plaintiff "merely alleges that Defendant inadvertently sprayed the … grounds with weed killer and that he was prohibited from using" the grounds for six months.

Defendant contends Plaintiff had "nearly six months" within which to oppose the motion to dismiss and his failure to do so should be construed as a waiver or abandonment.

### *Plaintiff's Reply to Defendant's Opposition*

Although untimely,[1] Plaintiff submitted a response to Defendant's opposition. Plaintiff contends that Defendant's prior statement that he was going to spray the grounds, even if a "joke," "had the effect of being a deliberate act after [Defendant] carried out the act of spraying the grounds." Plaintiff contends that the "joke constituted intent, and a deliberate mind state to carry out that thought."

### III.   DISCUSSION

#### A. Legal Standards Concerning Amendment

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

> (a) **Amendments Before Trial**.
>
> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2). Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir.), rev'd on other grounds, 459 U.S. 810 (1982)).

---

[1] *See* Doc. 30.

4

In evaluating a motion to amend the complaint, the Court considers whether amendment (1) would prejudice the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Eminence Capital LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003), citing *Foman v. Davis*, 371 U.S. 178 (1962). This Circuit accords the greatest weight to "the consideration of prejudice to the opposing party," the prejudice-showing burden resting on the opposing party. *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

### B. Analysis

Defendant contends Plaintiff's motion for leave to amend should be denied because the amendment Plaintiff seeks would be futile because Plaintiff's proposed equal protection claim fails to allege any intentional discrimination by Defendant.

#### 1. The Proposed Amended Complaint

The proposed amended complaint lodged on November 25, 2024, alleges a single Fourteenth Amendment equal protection claim. (Doc. 25.) The proposed amended complaint also refers to the elements of the claim asserted in Plaintiff's original complaint—a free exercise of religion claim arising under the First Amendment. (*See, e.g*., Doc. 25 at 8 ["Plaintiff (and other adherents) were not permitted to use their religious grounds, and that caused a substantial burden on a significant religious practice that has a religious significant in accordance with his beliefs"].)

#### 2. Granting Plaintiff Leave To Amend Is Warranted Here

Plaintiff's original complaint was screened on May 8, 2024. (Doc. 9.) The Court found it stated a plausible violation of Plaintiff's First Amendment rights to the free exercise of religion. (*Id*. at 4-5.) As a result, service of process commenced on May 13, 2024. (Doc. 10.) Following service, Defendant Chavez filed a motion to dismiss the original complaint, alleging Plaintiff failed to state a claim upon which relief could be granted. (Doc. 14.) To date, Plaintiff has not been afforded an opportunity to amend his complaint as amendment was not required following screening. Further, because the Court found Plaintiff's original complaint presented a plausible free exercise of religion claim, Plaintiff was not advised that an amended complaint supersedes an

1  original complaint and that an amended complaint must be complete without reference to the
2  prior complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); Local Rule 220.

3  Following review of Plaintiff's proposed amended complaint, the Court notes that
4  Plaintiff may be under the mistaken impression that the claim asserted in his original complaint (a
5  violation of his First Amendment rights) will remain viable despite the fact his proposed amended
6  complaint asserts only a Fourteenth Amendment equal protection violation. Plaintiff does not
7  appear to understand that his original complaint will be superseded by an amended complaint
8  with the only potentially viable claim asserting a violation of the Fourteenth Amendment's equal
9  protection clause since he does not reallege a First Amendment free exercise claim. Given this
10 uncertainty, the Court will grant Plaintiff's motion for leave to file an amended complaint and
11 direct Plaintiff to submit a first amended complaint alleging both the First Amendment free
12 exercise claim and the Fourteenth Amendment equal protection clause violation. *See Ramirez v.*
13 *County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our
14 circuit that an amended complaint supersedes the original, the latter being treated thereafter as
15 non-existent" [internal quotation marks & citation omitted]).

16 Additionally, granting Plaintiff leave to amend his complaint to assert an equal protection
17 clause violation would not necessarily be futile. Plaintiff does contend in his response that
18 Defendant's comment or "joke" about spraying the grounds demonstrates intentional conduct.
19 *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988) (a proposed amendment is futile
20 "only if no set of facts can be proved under the amendment to the pleadings that would constitute
21 a valid and sufficient claim or defense"); *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539
22 (N.D. Cal. 2003) (the denial of leave to amend on the futility ground is rare). Even assuming
23 Plaintiff's proposed amended complaint fails to state a cognizable equal protection claim,
24 Plaintiff should be afforded the opportunity to amend that claim, presuming he can do so in good
25 faith. *Wausau Ins. Cos*., 755 F. Supp. at 908; *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
26 2000).

27 The Court also notes that Defendant does not contend he would be prejudiced were
28 Plaintiff permitted leave to file an amended complaint. Nor can the Court identify any such

1  prejudice to Defendant. This action is in the early stages of litigation and the Court has not yet
2  issued a discovery and scheduling order. *Eminence Capital, LLC*, 316 F.3d at 1052 ("Absent
3  prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption*
4  under Rule 15(a) in favor of granting leave to amend").

5  In sum, Plaintiff will be directed to file a first amended complaint in accordance with this
6  order and Defendant will be directed to file a responsive pleading thereto.

### C. The Motion To Dismiss Is Moot

In light of the foregoing and given the present procedural posture of this case, Defendant's pending motion to dismiss Plaintiff's original complaint is rendered moot. *See Williams v. Jalijali*, No. 2:22-cv-00605-JDP (PC), 2023 WL 4743019, at *1, 3 (E.D. Cal. July 25, 2023) (granting Plaintiff leave to amend and denying Defendant LaCroix's motion to dismiss as moot); *Smith v. Siskiyou County Jail*, No. 2:15-cv-2534-TLN-JDP (PC), 2021 WL 3630468, at *1-2 (E.D. Cal. Aug. 17, 2021) (magistrate's order granting plaintiff's motion to amend the complaint, noting the second amended complaint "contain[ed] no allegations" and consisted of a single paragraph asking the court to add a defendant, and denying defendants' motion to dismiss as moot); *Smith v. Siskiyou County Jail*, No. 2:15-cv-2534-TLN-EFB P, 2020 WL 4430615, at *1-2 (E.D. Cal. July 31, 2020) (magistrate's order granting plaintiff's motion for leave to amend the complaint and denying defendant's motion to dismiss as moot).

### IV.     CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 27) is **GRANTED**;
2. Plaintiff **SHALL FILE** a first amended complaint, which is complete in and of itself, **within 30 days** of the date of this order;
3. Defendant **SHALL FILE** a responsive pleading **within 21 days** of Plaintiff filing a first amended complaint; and

//
//
//

4. Defendant's motion to dismiss the original complaint (Doc. 14) is **DENIED** as moot.

IT IS SO ORDERED.

Dated:    **February 6, 2025**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE