UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>              Plaintiff,<br><br>       v.<br><br>DANNY CHAVEZ,<br><br>              Defendant. | 1:24-cv-000239-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE LOCAL RULES**<br><br>**14-DAY DEADLINE** |

Plaintiff is a former state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claim against Defendant Chavez.

**I.     INTRODUCTION**

On March 6, 2025, Plaintiff filed a first amended complaint. (Doc. 33.) On March 17, 2025, Defendant Chavez filed a motion to strike, or, alternatively, a motion to dismiss Plaintiff's amended complaint. (Doc. 34.) Plaintiff has failed to timely respond to Defendant's motion.

**II.    DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

The Local Rule concerning motions in prisoner actions provides, in relevant part:

> Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Local Rule 230(*l*). Here, Plaintiff's opposition, or statement of non-opposition to the motion to strike, or, alternatively, to dismiss, the amended complaint was due "not more than twenty-one (21) days after the date of service of the motion," or no later than April 7, 2025. Although more than 21 days have passed, Plaintiff has failed to file either an opposition or a statement of non-opposition to Defendant's March 17, 2025, motion.

### III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing,[1] **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to the motion to strike, or in the alternative, motion to dismiss.

---

[1] The Court notes it has previously issued an OSC for Plaintiff's previous failure to file an opposition or statement of non-opposition to a defense motion. (*See* Doc. 16 [issued 8/14/2024].) Plaintiff should review the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued February 28, 2024, in this action. (*See* Doc. 2.) Plaintiff is reminded of his obligation to comply with this Court's Local Rules and the Federal Rules of Civil Procedure. Moving forward, if Plaintiff fails to meet his obligations in litigating this action, the Court may not issue an OSC and instead deem a defense motion unopposed and decide it accordingly.

**<u>Failure to comply with this order will result in a recommendation that this action be dismissed for a failure to a failure to comply with the Local Rules</u>**.

IT IS SO ORDERED.

Dated:   **April 16, 2025**                    /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE