UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>            Plaintiff,<br><br>     v.<br><br>DANNY CHAVEZ,<br><br>            Defendant. | 1:24-cv-000239-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME**<br><br>(Doc. 17) |

Plaintiff is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claim against Defendant Chavez.

**I.   INTRODUCTION**

On July 16, 2024, Defendant Chavez filed a motion to dismiss Plaintiff's complaint. (Doc. 14.) When more than 21 days passed without Plaintiff filing an opposition or statement of non-opposition to Defendant's motion, the Court issued its "Order to Show Cause in Writing Why Action Should Not Be Dismissed for Plaintiff's Failure to Comply with the Local Rules" on August 14, 2024. (Doc. 16.) Plaintiff was directed to file a written response within 14 days, or, alternatively, to file an opposition or statement of non-opposition. (*Id*. at 2.)

On September 3, 2024, Plaintiff filed a document titled "Notice of Request, and Request for a Sixty (60) Day Extension of Time" (Doc. 17) and an "Affidavit" (Doc. 18). An attached proof of service indicates the documents were mailed on August 26, 2024. (Doc. 18 at 5.)

## II. DISCUSSION

Plaintiff requests a 60-day extension of time "to conduct thorough research of the authorities cited by Defendant[]." (Doc. 17 at 1.) Plaintiff states good cause exists to grant his request "wherein a voluminous amount of case law was cited," it is his first request for an extension of time, and the request is in good faith and in the absence of an intent to "hinder, delay, or harass defendant or the proceedings." (*Id*. at 2.)

Plaintiff's "Affidavit" responds to the Order to Show Cause (OSC). Plaintiff states he submitted a request for an extension of time "within the statutory time constraints provided by law," and that because the Court "has not given a response to Plaintiff's request for extension of time, it is not known if said request was granted or denied." (Doc. 18 at 1.) Plaintiff also asserts that while he was preparing a response to Defendant's motion to dismiss, he suffered from "extreme dizziness and disorientation that paralyzed his motor skills" (*id*. at 1-2), and was hospitalized and unable to "tend to his legal matters" (*id*. at 2). He alleges he has demonstrated "good cause for this court to grant him the opportunity to continue with the proceedings" by granting the request for an extension of time "previously submitted." (*Id*.) Attached to the filing is a single page from a 16-page document from Paradise Valley Hospital in National City, California, dated August 15, 2024, indicating Plaintiff was treated for "TIA" and provided instructions and education regarding "STROKE (CVA)," "NEAR SYNCOPE," and hypertension, before being discharged on August 16, 2024. (*Id*. at 4.)

The OSC will be discharged in light of Plaintiff's written response filed September 3, 2024. The Court is reluctant to grant an extension of time for two reasons. First, Plaintiff's response to the OSC and his request for an extension of time were filed on the same date. Therefore, Plaintiff did not "previously submit[]" an extension of time such that he was awaiting an order from the Court at the time the OSC issued. Second, Plaintiff's request for an extension of time was served *after* the deadline for the filing of an opposition to Defendant's motion to dismiss. Defendant filed the motion to dismiss on July 16, 2024. (*See* Doc. 14.) Therefore, Plaintiff's opposition was due 21 days later (*see* Local Rule 230(*l*)), or on August 6, 2024, plus time for mailing. Yet, Plaintiff's *request for an extension of time is dated 20 days after that*

*deadline*, or on August 26, 2024. And, while the Court appreciates Plaintiff's health necessitated hospitalization, the attachment to Plaintiff's affidavit reveals the hospitalization occurred one week *after* the deadline for the filing of his opposition. Therefore, even assuming Plaintiff was "preparing a response" to the motion to dismiss when he suffered a medical emergency, his response was already late.

Notwithstanding the foregoing, given Plaintiff's pro se status, the Court will grant the requested extension of time. Plaintiff is cautioned however that any future disregard of this Court's Local Rules or deadlines will be viewed with disfavor and may result in dismissal.

### III.     CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The OSC (Doc. 16) issued August 14, 2024, is **DISCHARGED**;
2. Plaintiff's request for an extension of time (Doc. 17) is **GRANTED**; and
3. Plaintiff **SHALL** file any opposition to Defendant's motion to dismiss **within 60 days** from the date of service of this order.

**WARNING: A failure to obey this Order or this Court's Local Rules will result in a recommendation that this action be dismissed without prejudice for a failure to obey court orders and a failure to prosecute**.

IT IS SO ORDERED.

Dated:    **May 5, 2025**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE