UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAUN HAYGOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANNY CHAVEZ,<br><br>　　　　Defendant. | 1:24-cv-000239-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 35)<br><br>**ORDER DIRECTING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHIN TEN (10) DAYS** |

Plaintiff is a former state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment free exercise of religion claim against Defendant Chavez.

**I.    INTRODUCTION**

On March 6, 2025, Plaintiff filed a first amended complaint. (Doc. 33.)

On March 17, 2025, Defendant Chavez filed a motion to strike, or, alternatively, a motion to dismiss Plaintiff's amended complaint. (Doc. 34.)  When Plaintiff failed to timely respond to Defendant's motion, the Court issued its Order to Show Cause (OSC) in Writing Why Action Should Not Be Dismissed for Plaintiff's Failure to Comply with the Local Rules. (Doc. 35.) Plaintiff was directed to respond to the OSC within 14 days. (*Id*. at 2.)

On May 2, 2025, Plaintiff filed a document titled "Notice of Motion and Motion for Voluntary Dismissal." (Doc. 36.)

## II. DISCUSSION

Plaintiff's motion seeks a voluntary dismissal of this action without prejudice. (Doc. 36.) Plaintiff states he has recently been hospitalized following a brain aneurism and is presently on bed rest. (Doc. 36 at 1-2.) Plaintiff states he "cannot physically proceed with this case at this time" and asks the Court to dismiss this action without prejudice allowing "him an opportunity to bring a claim on this matter in the near future." Although Plaintiff's motion does not cite to a specific rule, the Court construes Plaintiff's motion for voluntary dismissal as arising under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Mgmt. Co., Inc.*, 193 F.3d at 1078. Here, Defendant Chavez has responded to Plaintiff's first amended complaint by filing a motion to strike, or, in the alternative, to dismiss Plaintiff's first amended complaint. Defendant has neither answered the complaint nor file a motion for summary judgment. Therefore, in the absence of a stipulation of dismissal signed by all parties, dismissal is inappropriate pursuant to Rule 41(a)(1)(A).

However, Rule 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Because it appears dismissal is appropriate under Rule 41(a)(2), Defendant will be directed to file a response to Plaintiff's motion seeking voluntary dismissal, without prejudice, within ten days.

### III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The OSC issued April 16, 2025 (Doc. 35) is **DISCHARGED**; and
2. Defendant Chavez **SHALL** file a response to Plaintiff's motion for voluntary dismissal **within ten (10) days** of the date of this order.

IT IS SO ORDERED.

Dated:   **May 6, 2025**                                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE